[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff CCF-1 a corporation and owner of certain property in Hartford, brings suit against the City of Hartford and its tax assessor to dispute the amount of real and personal property taxes it allegedly owes for the 1988 tax year. Plaintiff's second amended complaint alleges that the tax assessor failed to revalue plaintiff's realty in 1988, CT Page 2378 which would have been ten years after the last valuation and that that failure to revalue in 1988 was a violation of Connecticut General Statutes Section 12-62a. Plaintiff alleges that the assessor violated his statutory duty and thus caused plaintiff to pay more taxes than it would otherwise have paid.
In count one of the complaint, the plaintiff seeks an order of mandamus to compel the assessor to revise the 1988 grand list and revalue the property as allegedly required by the statute. Plaintiff also requests an order restraining the defendants from collecting the remainder of the levied tax or from adding interest payments onto the unpaid remainder.
In the second count, plaintiff sues under Connecticut General Statutes Section 12-119 and alleges that the levied taxes are manifestly excessive and illegal because the defendants failed to revise the 1988 grand list. Plaintiff seeks reimbursement and other relief pursuant to Section 12-119 as a result of the allegations of count two. Defendants have answered and asserted two special defenses in laches and no duty to revalue under Public Act 89-251, Section 190, a legislative enactment which amended the requirement of Section 12-62.
The issue which the parties have briefed is the question of whether or not the 1989 legislative enactment had the retroactive effect of permitting the defendant to delay the otherwise mandated revaluation of the grand list of the City of Hartford. For reasons set forth more fully herein, the Court is not going to decide this issue although it seems relatively clear that the statute obviously was intended to have retroactive effect. The more urgent and interesting question, which the Court will also not decide, is whether the legislative enactment has unconstitutionally deprived the plaintiff of what may be a vested right to have its property revalued in 1988.
The Court is unable to resolve either of these two issues for two reasons. First, the plaintiffs have never replied to the defendant's second special defense of laches. Connecticut Practice Book Section 379 permits summary judgment motions "provided that the pleadings are closed as between the parties to that motion." The Court is without authority to grant summary judgment, were it so inclined, unless and until the pleadings are closed.
While the Court could simply hold the case further while the pleadings became closed, and then render its decision, the Court is unable to grant summary judgment in any event because of the existence of a material issue of fact. CT Page 2379 There is no doubt that laches is an appropriate defense to plead as against a count of mandamus and there is no question that laches is indeed a question of fact. Dunham v. Dunham,204 Conn. 303, 327 (1987). As to the second count, there is no question that the parties are not in agreement as to whether or not the tax imposed on the plaintiff is or is not excessive and so the Court has no alternative but to deny the plaintiff's motion for summary judgment.
KOLETSKY, JUDGE